■ KERHONKSON NATIONAL BANK, Respondent, v. GRANITE SUNSHINE HOTEL, INC. et al., Defendants, and MIRIAM LEVINSON et al., Appellants.— GIBSON, P. J. Appeals by two defendants, united in interest, from a judgment of foreclosure and sale, from a judgment for deficiency and from various intermediate orders of the Supreme Court in an action to foreclose a mortgage. The so-called consolidated mortgage given to plaintiff October 22, 1959 for $35,000 was secured by a first lien which was that of the initial, open-end mortgage given February 16, 1959 for $30,000, and to secure optional " future advances or readvancements " not to exceed said $30,000 face amount, upon which $3,000 was paid on August 18, 1959, and by a third lien created by said consolidated mortgage of October 22, 1959 which secured an advance of $8,000 made that day, whereby the indebtedness (of $30,000 reduced to $27,000) was increased to $35,000; intermediate said instruments being the mortgage given to appellants to secure payment of $6,650, that mortgage being dated April 25, 1959 and having been recorded on June 4, 1959. In addition to the payment of $3,000 made August 18, 1959, as above indicated, payments aggregating $5,000 were made after June 4, 1959 on the mortgage indebtedness owing to plaintiff. Assuming *arguendo* the correctness of appellants' contention that the security of plaintiff's advance of $8,000 was subordinate to the lien of appellants' mortgage and that as of June 4, 1959, plaintiff had a first lien of $27,000 and a third lien of $8,000 and appellants a second lien of $6,650, although there is no proof that at the time of the $8,000 advance plaintiff had any knowledge of appellants' incumbrance (*Ackerman* v. *Hunsicker,* 85 N. Y. 43; Osborne, Mortgages, §§ 118, 119); it does not follow that the payments aggregating $5,000 made after June 4, 1959 had to be applied to the first lien

so as to reduce it to $22,000, as appellants claim. The question appears, however, to be academic (and appellants submit no facts and present no argument indicating that it is not) inasmuch as appellants, who seem to have participated in all of the transactions had by the corporate owner with the plaintiff mortgagee, were and are, in any event, liable as indorsers of the initial and subsequent notes and indebtednesses running from the corporate mortgagor to the plaintiff bank; the complaint set up their liability as such; and deficiency judgment was properly demanded and correctly awarded against the defendants severally liable, including appellants. An adjustment which would give effect to the respective priorities of the liens, whether to favor appellants by $3,000 or by $8,000, would not diminish the amount of their monetary liability to plaintiff. Neither is there any showing that such an adjustment would alter, to appellants' advantage, the legal relationships and liabilities, whatever they may be, as between appellants and their codefendants, who, indeed, are not parties to this appeal. Such subsidiary issues or equities, if any there may be, might have been urged before the Referee appointed to compute, as was suggested in the opinion of Special Term accompanying its award of summary judgment, but appellants did not appear at the hearing before such Referee and did not move to open their default until after judgment of foreclosure and sale had been granted and, indeed, until shortly before the last publication of the notice of sale, their application then being denied on the ground of laches; but Special Term stated that appellants "now say that their concern is over the possible deficiency judgment [but] such concern is premature at least until application is made [therefor] pursuant to section 1371 of the Real Property Actions and Proceedings Law." Appellants did not, at the time, perfect their appeals taken from this and from prior orders, as well as from the judgment, and when the application for deficiency judgment was subsequently made, contested it strenuously and at length, upon the issue of value and upon other grounds, but raised no question as to priorities of liens. Further, there does not appear in that record or elsewhere in the case any indication of the relationships or equities existing as between appellants and the other defendants against whom deficiency judgment was entered and there exists no basis upon which the question of priority could be found other than academic, in consideration of appellants' unquestioned liability to plaintiff upon all the underlying indebtedness. Appellants contend, further, that Special Term's finding of value, upon which the deficiency judgment was predicated, was contrary to the weight of the evidence, but upon review of the record compiled upon that issue, we find no reason to disturb the Special Term's considered judgment. We do not reach respondent's contention that if plaintiff be deemed, as to part of the debt, a junior lienor, as asserted by appellants, it would be entitled to the deficiency judgment granted, without regard to the value of the security. Judgments and orders affirmed, with $50 costs. Herlihy, Reynolds, Aulisi and Staley, Jr., concur.